[Crim. No. 471.   Department One.—January 21, 1899.]

THE PEOPLE, Respondent, v. HIRAM SCHELL, Appellant.

CRIMINAL LAW—LARCENY OF HORSE—EVIDENCE—GENERAL QUESTION—
  FAILURE TO SHOW ADMISSIBILITY.—Upon the trial of a defendant
  accused of grand larceny in the stealing of a gray horse belong-
  ing to a person named, it is not error to refuse to permit a wit-

ness for the defendant to answer a general question as to a conversation between the defendant and another person in regard to a gray horse and where defendant might find it, without directing the mind of the judge to an admissible conversation, or offering to prove a particular conversation shown by the subsequent evidence of the defendant to have related to the manner of obtaining the horse in question.

APPEAL from a judgment of the Superior Court of Fresno County and from an order denying a new trial. E. W. Risley, Judge.

The facts are stated in the opinion.

S. J. Hinds, and M. V. Ashbrook, for Appellant.

W. F. Fitzgerald, Attorney General, and W. H. Anderson, Assistant Attorney General, for Respondent.

GAROUTTE J.—Defendant has been convicted of the crime of grand larceny in stealing a certain gray horse, and now prosecutes this appeal. At the conclusion of the people's case defendant placed a witness (Amos) upon the stand, who testified that he heard a conversation between defendant and one Spivey, in Fresno, the day prior to the time when the horse was taken. He was then asked the following question: "I will ask you if at that time this defendant and another person did not have some conversation in regard to a gray horse, and where this defendant could find that gray horse?" An objection was made and sustained to the question, and this ruling is assigned as error.

After the witness had been withdrawn the defendant took the stand and testified that Spivey told him at the conversation of the previous day that he, Spivey, had a gray horse which he would turn into defendant's pasture, and which defendant might sell, and upon his return to his home that night he found this gray horse in his pasture. This evidence of the defendant was clearly admissible, the truthfulness and good faith of the statements being matters for the jury to test; and if the question addressed to the witness Amos had been explicitly directed to the conversation, which was afterward testified to by defendant, it should have been answered. But it was so general that it could not have been apparent to the judge that the answer would be

competent evidence. At the time the question was asked Amos, the judge knew nothing of the claim of the defendant that he took the horse under authority from Spivey. He should have been so informed; otherwise the question was entirely too general. Anything relating to a gray horse would be a pertinent answer to it, yet a thousand matters pertaining to a gray horse would be wholly inadmissible as evidence. The question should have been more pointed. The trial judge should have been informed in some way as to the particular matters intended to be proven by the answer of the witness. In the form the question was presented it was impossible for the judge to know.

We have examined with care the three instructions refused by the trial court, and find either the subject matter of them covered by other instructions, or legal justification for their refusal.

For the foregoing reasons the judgment and order are affirmed.

Harrison, J., and Van Dyke, J., concurred.